MAX N. TOBIAS, JR, Judge.
 

 | ,The defendants, Entergy Louisiana, L.L.C. (“Entergy”) and Kevin Robinson (“Robinson”), appeal from the trial court judgment rendered in favor of the plaintiffs, Sherman Campbell (“Campbell”), Melissa Gabriel (“Gabriel”), and Victor Manuel (“Manuel”), finding Entergy vicariously liable for all fault for an accident and reducing the general damages awarded to the plaintiffs by 10% for failure to mitigate their respective damages. The defendants aver the trial court erred by failing to allocate fault to the owner of the cable wire that caused injury to the plaintiffs and by failing to reduce the plaintiffs’ awards by at least 15% for failure to mitigate their damages. After a review of the record, we affirm the trial court’s judgment.
 

 I.
 
 Factual Background and Procedural History
 

 On 10 February 2004, the plaintiffs, Campbell, Gabriel, and Manuel, were standing in front of Gabriel’s residence located at 2900 Daniel Drive in Violet,
 
 *348
 
 Louisiana, when Robinson, an Entergy employee, was operating one of Entergy’s service unit trucks with a bucket and boom apparatus on the back of it, proceeding | .¿down Daniel Drive. As Robinson drove past Gabriel’s residence, the bucket on the Entergy truck snagged a cable wire extending from a utility pole to the home situated at 2904 Daniel Drive causing the wire to snap and “whip” back, striking and injuring each of the plaintiffs. Campbell was struck by the cable wire in the mouth. Gabriel was struck on the back of her neck. Manuel was struck in his lower back and buttocks.
 

 The plaintiffs filed a petition for damages on 10 September 2004 against Robinson and Entergy. The matter originally came for trial on 17 January 2008, but was continued without date to allow the parties to obtain additional testimony from recently discovered witnesses. The matter resumed on 3 April 2008, and again, the court continued the matter to allow the parties to obtain information from a potential fact witness. Because this particular fact witness was unresponsive to efforts made by both parties, this matter was concluded on 6 June 2008, following submission of post-trial memoranda.
 

 On 31 July 2008, the trial court rendered judgment in favor of the plaintiffs and against the defendants, finding that Robinson acted within the course and scope of his employment with Entergy at the time of the accident. Consequently, Entergy was held to be vicariously liable for the damages resulting from Robinson’s negligent actions. The trial court found Enter-gy to be 100% at fault for the accident and resulting injuries sustained to the plaintiffs, reducing the general damages awarded to the plaintiffs, Gabriel and Manuel, by 10% for failure to ^mitigate then* respective damages, and by awarding a reduced damage award to Campbell for failing to seek medical attention for an obvious injury.
 

 Robinson and Entergy timely filed the instant appeal.
 

 II.
 
 Legal Argument
 

 Robinson and Entergy assign two errors on appeal: the trial court (1) failed to allocate fault to the owner of the cable wire, and (2) failed to reduce the plaintiffs’ general damage awards by at least 15% for failure to mitigate their respective damages.
 

 A.
 
 Allocation of Fault
 

 The trier of fact has the duty to assess the credibility of witnesses, and that determination of fact may not be disturbed unless the record establishes that the finding is clearly wrong or manifestly erroneous.
 
 Williams v. Hotel Dieu Hosp.,
 
 593 So.2d 783, 787 (La.App. 4th Cir.1992). When the trier of fact’s determination is based on a decision to credit the testimony of one of two or more witnesses, that finding can virtually never be manifestly erroneous or clearly wrong.
 
 Rosell v. ESCO,
 
 549 So.2d 840, 845 (La.1989). Moreover, a trier of fact is owed great deference in its allocation of fault and its determination may not be reversed unless clearly wrong.
 
 Lederer v. Famous Entertainment, Inc.,
 
 98-2274, p. 18 (La.App. 4 Cir. 5/12/99), 732 So.2d 1277, 1286. The trier of fact, unlike the appellate court, has had the benefit of witnessing the entire trial and reviewing first hand all the evidence. Id
 
 .,
 
 p. 19, 732 So.2d at 1287.
 

 |„La. C.C. art. 2323 A provides, in pertinent part:
 

 In any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined, regardless of whether the person is a
 
 *349
 
 party to the action or a nonparty ... or that the other person’s identity is not known or reasonably ascertainable.
 

 In the instant case, based upon the evidence presented at trial and finding the testimony of the plaintiffs to be credible, the court determined that Robinson was solely at fault for the accident. Specifically, the court found that Robinson was negligent in failing to maintain a proper lookout and seeing what he should have seen,
 
 i.e.,
 
 the low hanging cable wire, and failing to take the necessary precautions to lower the bucket and boom of the Entergy truck in order to avoid snagging and breaking the cable wire causing injury to the plaintiffs. Gabriel testified that she had lived on Daniel Drive for seven to eight years and the cable wire at issue had remained at the same low height during that entire time. Robinson testified that he was regularly assigned by Entergy to the Violet area and had traversed Daniel Drive at least three times per week on an ongoing basis prior to this incident and was familiar with the low-hanging cable wires on the street. Based upon our review of the record as a whole, we find the record is devoid of any evidence that the cable wire itself presented any unreasonable risk of harm or was defective in any way that caused or contributed to the subject accident. Contrary to the assertions of Enter-gy, we hold that the ownership (or who had custody and/or | -.control) of the cable wire at issue is of no relevance to the subject accident or injuries sustained by the plaintiffs.
 

 Accordingly, we find no error in the trial court’s findings of fact and affirm its allocation of 100% of the fault to Robinson. As the accident occurred within the course and scope of Robinson’s employment with Entergy, we find the trial court correctly determined that Entergy was vicariously liable for the damages resulting from Robinson’s negligent act. This assignment of error is without merit.
 

 B.
 
 Mitigation of Damages
 

 In their second assignment of error, Entergy and Robinson aver the trial court erred in failing to reduce the plaintiffs’ general damage awards by at least 15% for failure to mitigate them respective damages. We disagree.
 

 La. C.C. art.2002 provides that “[a]n obligee must make reasonable efforts to mitigate the damage caused by the obli-gor’s failure to perform,” and when he does not, “the obligor may demand that the damages be accordingly reduced.” A tort victim has an affirmative duty to make every reasonable effort to mitigate his or her damages, but the care and diligence required of him or her is the same as that which would be used by a person of ordinary prudence under like circumstances.
 
 Sepulvado v. Turner,
 
 37,912, p. 10 (La.App. 2 Cir. 2/10/03), 862 So.2d 457, 463. This duty requires that the injured party take reasonable steps to minimize the consequences of the injury.
 
 Dixie Services, L.L.C. v. R & B Falcon Drilling USA, Inc.,
 
 05-1212, 06-1209, p. 6 (La.App. 4 Cir. 3/21/07), 955 So.2d 214, 219.
 

 | nit is clear that the trial court both considered and applied the correct legal principles to the evidence presented based upon its reduction of the damage awards made to Gabriel and Manuel.
 
 [1]
 
 The trial
 
 *350
 
 court reduced their general damage awards by 10% each for their failure to attend physical therapy based on their treating physician’s testimony that physical therapy would have hastened their recovery. Regarding Gabriel and Manuel, the trial court was best positioned to make credibility determinations, and it found the weight of the evidenced tipped in favor of the plaintiffs such that 10% was the highest percentage it could reduce their respective awards. On review, we find the trial court’s conclusions grounded largely in credibility determinations and, accordingly, neither manifestly erroneous nor clearly wrong.
 

 Regarding Campbell, despite his preexisting chronic periodontal disease, the trial court found that he sustained an injury to his mouth as a result of the accident, causing him pain and suffering that would have continued and required treatment. The trial court, however, specifically stated that it did not reduce his general damage award by any percentage for failure to mitigate his damages, but rather, awarded a reduced amount of general damages ($3,000.00) based on the fact that Campbell produced no evidence that he sought treatment for an
 
 obvious
 
 | 7injury. We find that the trial court did not abuse its vast discretion in making this award based on the evidence and testimony presented.
 

 CONCLUSION
 

 The trial court found that Robinson was solely at fault for causing the accident and resulting damages to the plaintiffs. This finding is amply supported by a reasonable factual analysis of the record on appeal. As Robinson was in the course and scope of his employment with Entergy at the time of the accident, the trial court correctly determined that Entergy was vicariously liable for Robinson’s negligent acts. Additionally, the record supports the conclusion that the trial court was within its discretion to reduce the general damage awards of Gabriel and Manuel by 10% each for failure to mitigate their respective damages and by making a reduced general damage award to Campbell. Based upon the assigned errors and our review thereof, we affirm the trial court’s judgment.
 

 AFFIRMED.
 

 [1]
 

 . The trial court awarded $14,000.00 in general damages to Gabriel and Manuel, respectively, for having each sustained an 11-month soft-tissue injury. (Gabriel was treated for injuries to her neck for 11 months, and Manuel received 11 months of treatment for injuries to his back.) Both awards were reduced by 10% for the plaintiffs' failure to attend physical therapy as recommended by their treating physician, Daniel Seltzer, M.D.,
 
 *350
 
 thereby reducing their general damage awards to $12,600.00 each.